**United States District Court**
For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8   UNITED STATES OF AMERICA, *et al.*,        No. C-04-5372 CW (EMC)

9              Petitioners,

10       v.                                    **REPORT AND RECOMMENDATION**
                                               **RE PETITIONERS' VERIFIED**
11   WILLIE JACKSON, General Partner of Janet  **PETITION TO ENFORCE IRS**
     and Teacakes,                             **SUMMONS**
12                                             **(Docket No. 1)**
               Respondent.
13
     _____/
14

15

16       Judge Wilken has referred Petitioners' verified petition to enforce IRS summons to the

17   undersigned for a report and recommendation.  This Court held a hearing on the petition on May 11,

18   2005.  Respondent failed to appear at the hearing.  He also failed to provide any written response to

19   the petition or this Court's order to show cause (as discussed below).  Having considered

20   Petitioners' papers and all other evidence of record, the Court hereby recommends that the petition

21   be GRANTED.

22              **I.    FACTUAL & PROCEDURAL BACKGROUND**

23       Petitioners filed a verified petition to enforce an IRS summons on December 20, 2004.

24   According to the petition, Petitioners tried "to determine the collectability of certain federal income

25   tax liabilities of JANET AND TEACAKES [of which Respondent is a general partner] for the

26   taxable periods ending December 31, 2001, March 31, 2002, June 30, 2002, September 30, 2002,

27   December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, and for the taxable year

28   ending December 31, 2002."  Pet. ¶ 2.  Petitioners believed that Respondent has in his possession

**United States District Court**
For the Northern District of California

1    and control documents relevant to the IRS's inquiry.  *See* Pet. ¶ 6.  Accordingly, August 13, 2004,

2    an IRS employee served a summons on Mr. Jackson by hand, requesting an appearance as well as

3    the production of certain documents.  *See* Pet. ¶ 7 & Ex. A.  However, Mr. Jackson did not appear

4    before the IRS employee as requested in the summons.  *See* Pet. ¶ 9.  Petitioners thus filed their

5    verified petition.

6           On January 3, 2005, the Court issued an order to show cause, giving Respondent an

7    opportunity to explain why the IRS summons should not be enforced.  Petitioners were instructed to

8    serve the order to show cause, along with the verified petition, on Respondent in compliance with

9    Federal Rule of Civil Procedure 4.  *See* Docket No. 4.  Because Petitioners did not serve these

10   papers in accordance with Rule 4, the Court issued an amended order to show cause, instructing

11   Respondent to explain why the IRS summons should not be enforced.  The Court subsequently

12   issued a second amended order to show cause asking Respondent to explain the same.  Petitioners

13   have submitted evidence showing that the second amended order to show cause was properly served

14   on Respondent in compliance with Rule 4.  *See* Docket No. 12 (Kelly declaration, confirming

15   service by hand on Respondent).  However, Respondent never filed a written response to the second

16   amended order to show cause or to the verified petition; nor did he appear for the hearing on this

17   matter on May 11, 2005.

18                                    **II.    DISCUSSION**

19          "The IRS may issue a summons only for the purposes set out in 26 U.S.C. § 7602(a).  Those

20   purposes are 'ascertaining the correctness of any return, making a return where none has been made,

21   determining the liability of any person for any internal revenue tax . . . or collecting any such

22   liability.'" *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting § 7602(a)).  To

23   enforce a summons, the government must satisfy the factors set forth in *United States v. Powell*, 379

24   U.S. 48 (1964).  That is,

25              the government must establish that (1) the investigation will be
                conducted for a legitimate purpose; (2) the material being sought is
26              relevant to that purpose; (3) the information sought is not already in
                the IRS's possession; and (4) the IRS complied with all the
27              administrative steps required by the Internal Revenue Code.  "The
                government's burden is a slight one, and may be satisfied by a
28              declaration from the investigating agent that the [above] requirements

2

United States District Court

For the Northern District of California

[known as the *Powell* requirements] have been met.  The burden is minimal "because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."

*Crystal*, 172 F.3d at 1143-44.

That being said, the government's "mere assertion of relevance may not satisfy [its] burden. 'Once a summons is challenged, it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose. . . . The cases show that the federal courts have taken seriously their obligation to apply this standard to fit particular situations, either by refusing enforcement or by narrowing the scope of the summons.'"  *United States v. Bell*, 57 F. Supp. 2d 898, 906 (N.D. Cal. 1999).

> Once the government has established the *Powell* elements, "'those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service. . . . Without a doubt, this burden is a heavy one.'" As we observed in *Derr*, "enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose."
>
> "The taxpayer 'may challenge the summons on any appropriate grounds,' including failure to satisfy the *Powell* requirements or abuse of the court's process." "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." In addition, it has become clear since *Powell* that gathering evidence after having decided to make a recommendation for a prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. . . . [T]he 'dispositive question in each case' is 'whether the Service is pursuing the authorized purposes in good faith.'"

*Crystal*, 172 F.3d at 1144-45.

In the instant case, the United States has met its burden of meeting the *Powell* requirements, largely through the verification of the petition by Marlene Low, an IRS employee.  *See id.* at 1144 (stating that it was not disputed that special agent's declaration satisfied the *Powell* requirements and that therefore the government had "established a prima facie case to enforce the summonses"); *see also United States v. Dixon*, No. 02-CV-183 H, 2002 U.S. Dist. LEXIS 10594, at *3 (S.D. Cal. Apr. 8, 2002) ("Assertions in a declaration by an investigating officer can satisfy the IRS's burden.");

3

**United States District Court**
For the Northern District of California

1   *Bell*, 57 F. Supp. 2d at 906 ("The government usually makes the requisite *prima facie* showing by

2   affidavit of the agent.").

3          The verified petition indicates that the IRS's investigation is being conducted for a legitimate

4   purpose, namely, to determine the collectability of the federal tax liabilities of Janet and Teacakes of

5   which Respondent is a general partner. *See* Pet. ¶ 8.  The summons is relevant to that purpose,

6   asking Respondent to appear and bring with him documents related to the assets and liabilities of

7   Janet and Teacakes (*e.g.*, bank statements, checkbooks, documents regarding stocks and bonds), *see*

8   Pet., Ex. A; and the information sought is not already in the IRS's possession.  *See* Pet. ¶ 6 (stating

9   that government does not have "access, possession, or control" of information sought).  Finally, as

10  stated in the verified petition, the IRS complied with all the administrative steps required by the

11  Internal Revenue Code -- "in particular, that 'the Secretary or his delegate,' after investigation, has

12  determined the further examination to be necessary and has notified the taxpayer in writing to that

13  effect."  *Powell*, 379 U.S. at 58.  *See* Pet. ¶ 11 ("All administrative steps required by the Internal

14  Revenue Code for issuance of the summons have been taken."); Pet. ¶ 7 & Ex. A (confirming

15  service of summons on Respondent by hand as required by 26 U.S.C. § 7603).

16         Because Petitioners have established the *Powell* elements, the burden shifts to Respondent to

17  disprove the actual existence of a valid collection purpose.  As noted above, here, Respondent has

18  failed to provide any response to the order to show cause and/or verified petition.  Nor did

19  Respondent appear at the hearing before this Court on May 11, 2005.  Accordingly, Respondent has

20  not met his burden and the Court therefore recommends that Petitioners' verified petition to enforce

21  IRS summons be granted.

22                            **III.   RECOMMENDATION**

23         For the foregoing reasons, the Court recommends that the petition be granted and that an

24  order be issued enforcing the IRS summons -- *i.e.*, instructing Respondent to appear before the IRS

25  on a date certain to provide testimony and produce documents in compliance with the summons.

26         The Court also recommends that, if Respondent fails to comply with the order enforcing the

27  summons by failing to appear to provide testimony or by failing to produce documents, then an

28

4

1  order should be issued, instructing Respondent to show cause why he should not be held in contempt

2  of the order enforcing the summons.

3          Petitioners have submitted a proposed order at Docket No. 15, incorporating both such

4  recommendations.

5          Any party may file objections to this report and recommendation with the district judge

6  within ten days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b);

7  Civil L.R. 72-3.  **Petitioners are instructed to serve a copy of this report and recommendation**

8  **on Respondent within three days of the filing date of this report and recommendation.**

9

10

11  Dated:  May 25, 2005

12                                                     _____
                                                       EDWARD M. CHEN
13                                                     United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA, *et al.*,          No. C-04-5372 CW (EMC)

9              Petitioners,

10        v.                                      **REPORT AND RECOMMENDATION
                                                  RE PETITIONERS' VERIFIED
11   WILLIE JACKSON, General Partner of Janet     PETITION TO ENFORCE IRS
     and Teacakes,                                SUMMONS**
12                                                **(Docket No. 1)**
               Respondent.
13
     _____/
14

15

16        Judge Wilken has referred Petitioners' verified petition to enforce IRS summons to the

17   undersigned for a report and recommendation.  This Court held a hearing on the petition on May 11,

18   2005.  Respondent failed to appear at the hearing.  He also failed to provide any written response to

19   the petition or this Court's order to show cause (as discussed below).  Having considered

20   Petitioners' papers and all other evidence of record, the Court hereby recommends that the petition

21   be GRANTED.

22                    **I.   FACTUAL & PROCEDURAL BACKGROUND**

23        Petitioners filed a verified petition to enforce an IRS summons on December 20, 2004.

24   According to the petition, Petitioners tried "to determine the collectability of certain federal income

25   tax liabilities of JANET AND TEACAKES [of which Respondent is a general partner] for the

26   taxable periods ending December 31, 2001, March 31, 2002, June 30, 2002, September 30, 2002,

27   December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, and for the taxable year

28   ending December 31, 2002."  Pet. ¶ 2.  Petitioners believed that Respondent has in his possession

**United States District Court**
For the Northern District of California

1   and control documents relevant to the IRS's inquiry.  *See* Pet. ¶ 6.  Accordingly, August 13, 2004,

2   an IRS employee served a summons on Mr. Jackson by hand, requesting an appearance as well as

3   the production of certain documents.  *See* Pet. ¶ 7 & Ex. A.  However, Mr. Jackson did not appear

4   before the IRS employee as requested in the summons.  *See* Pet. ¶ 9.  Petitioners thus filed their

5   verified petition.

6          On January 3, 2005, the Court issued an order to show cause, giving Respondent an

7   opportunity to explain why the IRS summons should not be enforced.  Petitioners were instructed to

8   serve the order to show cause, along with the verified petition, on Respondent in compliance with

9   Federal Rule of Civil Procedure 4.  *See* Docket No. 4.  Because Petitioners did not serve these

10  papers in accordance with Rule 4, the Court issued an amended order to show cause, instructing

11  Respondent to explain why the IRS summons should not be enforced.  The Court subsequently

12  issued a second amended order to show cause asking Respondent to explain the same.  Petitioners

13  have submitted evidence showing that the second amended order to show cause was properly served

14  on Respondent in compliance with Rule 4.  *See* Docket No. 12 (Kelly declaration, confirming

15  service by hand on Respondent).  However, Respondent never filed a written response to the second

16  amended order to show cause or to the verified petition; nor did he appear for the hearing on this

17  matter on May 11, 2005.

18                          **II.   DISCUSSION**

19         "The IRS may issue a summons only for the purposes set out in 26 U.S.C. § 7602(a).  Those

20  purposes are 'ascertaining the correctness of any return, making a return where none has been made,

21  determining the liability of any person for any internal revenue tax . . . or collecting any such

22  liability.'"  *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting § 7602(a)).  To

23  enforce a summons, the government must satisfy the factors set forth in *United States v. Powell*, 379

24  U.S. 48 (1964).  That is,

25              the government must establish that (1) the investigation will be
               conducted for a legitimate purpose; (2) the material being sought is
26             relevant to that purpose; (3) the information sought is not already in
               the IRS's possession; and (4) the IRS complied with all the
27             administrative steps required by the Internal Revenue Code.  "The
               government's burden is a slight one, and may be satisfied by a
28             declaration from the investigating agent that the [above] requirements

2

**United States District Court**
For the Northern District of California

1   [known as the *Powell* requirements] have been met.  The burden is

2   minimal "because the statute must be read broadly in order to ensure
    that the enforcement powers of the IRS are not unduly restricted."

3   *Crystal*, 172 F.3d at 1143-44.

4   That being said, the government's "mere assertion of relevance may not satisfy [its] burden.

5   'Once a summons is challenged, it must be scrutinized by a court to determine whether it seeks

6   information relevant to a legitimate investigative purpose. . . . The cases show that the federal courts

7   have taken seriously their obligation to apply this standard to fit particular situations, either by

8   refusing enforcement or by narrowing the scope of the summons.'"  *United States v. Bell*, 57 F.

9   Supp. 2d 898, 906 (N.D. Cal. 1999).

10  Once the government has established the *Powell* elements,
    "'those opposing enforcement of a summons . . . bear the burden to

11  disprove the actual existence of a valid civil tax determination or
    collection purpose by the Service. . . . Without a doubt, this burden is a

12  heavy one.'" As we observed in *Derr*, "enforcement of a summons is
    generally a summary proceeding to which a taxpayer has few

13  defenses." "'The taxpayer must allege specific facts and evidence to
    support his allegations' of bad faith or improper purpose."

14

15  "The taxpayer 'may challenge the summons on any appropriate
    grounds,' including failure to satisfy the *Powell* requirements or abuse

16  of the court's process." "Such an abuse would take place if the
    summons had been issued for an improper purpose, such as to harass

17  the taxpayer or to put pressure on him to settle a collateral dispute, or
    for any other purpose reflecting on the good faith of the particular

18  investigation." In addition, it has become clear since *Powell* that
    gathering evidence after having decided to make a recommendation

19  for a prosecution would be an improper purpose, and that the IRS
    would be acting in bad faith if it were to pursue a summons

20  enforcement under these circumstances. . . . [T]he 'dispositive
    question in each case' is 'whether the Service is pursuing the

21  authorized purposes in good faith.'"

22  *Crystal*, 172 F.3d at 1144-45.

23  In the instant case, the United States has met its burden of meeting the *Powell* requirements,

24  largely through the verification of the petition by Marlene Low, an IRS employee.  *See id.* at 1144

25  (stating that it was not disputed that special agent's declaration satisfied the *Powell* requirements and

26  that therefore the government had "established a prima facie case to enforce the summonses"); *see*

27  *also United States v. Dixon*, No. 02-CV-183 H, 2002 U.S. Dist. LEXIS 10594, at *3 (S.D. Cal. Apr.

28  8, 2002) ("Assertions in a declaration by an investigating officer can satisfy the IRS's burden.");

United States District Court
For the Northern District of California

1  *Bell*, 57 F. Supp. 2d at 906 ("The government usually makes the requisite *prima facie* showing by

2  affidavit of the agent.").

3       The verified petition indicates that the IRS's investigation is being conducted for a legitimate

4  purpose, namely, to determine the collectability of the federal tax liabilities of Janet and Teacakes of

5  which Respondent is a general partner. *See* Pet. ¶ 8. The summons is relevant to that purpose,

6  asking Respondent to appear and bring with him documents related to the assets and liabilities of

7  Janet and Teacakes (*e.g.*, bank statements, checkbooks, documents regarding stocks and bonds), *see*

8  Pet., Ex. A; and the information sought is not already in the IRS's possession. *See* Pet. ¶ 6 (stating

9  that government does not have "access, possession, or control" of information sought). Finally, as

10  stated in the verified petition, the IRS complied with all the administrative steps required by the

11  Internal Revenue Code -- "in particular, that 'the Secretary or his delegate,' after investigation, has

12  determined the further examination to be necessary and has notified the taxpayer in writing to that

13  effect." *Powell*, 379 U.S. at 58. *See* Pet. ¶ 11 ("All administrative steps required by the Internal

14  Revenue Code for issuance of the summons have been taken."); Pet. ¶ 7 & Ex. A (confirming

15  service of summons on Respondent by hand as required by 26 U.S.C. § 7603).

16       Because Petitioners have established the *Powell* elements, the burden shifts to Respondent to

17  disprove the actual existence of a valid collection purpose. As noted above, here, Respondent has

18  failed to provide any response to the order to show cause and/or verified petition. Nor did

19  Respondent appear at the hearing before this Court on May 11, 2005. Accordingly, Respondent has

20  not met his burden and the Court therefore recommends that Petitioners' verified petition to enforce

21  IRS summons be granted.

22  ### III.   <u>RECOMMENDATION</u>

23       For the foregoing reasons, the Court recommends that the petition be granted and that an

24  order be issued enforcing the IRS summons -- *i.e.*, instructing Respondent to appear before the IRS

25  on a date certain to provide testimony and produce documents in compliance with the summons.

26       The Court also recommends that, if Respondent fails to comply with the order enforcing the

27  summons by failing to appear to provide testimony or by failing to produce documents, then an

28

1  order should be issued, instructing Respondent to show cause why he should not be held in contempt

2  of the order enforcing the summons.

3      Petitioners have submitted a proposed order at Docket No. 15, incorporating both such

4  recommendations.

5      Any party may file objections to this report and recommendation with the district judge

6  within ten days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b);

7  Civil L.R. 72-3.  **Petitioners are instructed to serve a copy of this report and recommendation**

8  **on Respondent within three days of the filing date of this report and recommendation.**

9

10

11  Dated:  May 25, 2005

12                                                  _____

13                                                  EDWARD M. CHEN
                                                    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California